# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2738 (FLW) (LHG) |
| This document relates to: MELISSA ALSUP | |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff(s) file(s) this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

### IDENTIFICATION OF PARTIES

**Identification of Plaintiff(s)**

1. Name of individual injured due to the use of talcum powder product(s):

   **MELISSA ALSUP**

2. At the time of the filing of the specific case, Plaintiff(s) is/are a citizen of

   **Paragould, AR**

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium:

   **N/A**

4. Survival and/or Wrongful Death Claims:

   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death:

   **N/A**

5. Plaintiff/Decedent was born on and died on:

   **XX/XX/XXXX**

6. Plaintiff is filing this case in a representative capacity as the __N/A__ of the __N/A__, having been duly appointed as the __N/A__ by the __N/A__ Court of __N/A__.

7. As a result of using talcum powder products, Plaintiff/Decedent suffered personal and economic injur(ies) that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

   | | |
   |---|---|
   | __X__ | injury to herself |
   | _____ | injury to the person represented |
   | _____ | wrongful death |
   | _____ | survivorship action |
   | __X__ | economic loss |
   | __X__ | loss of services |
   | _____ | loss of consortium |
   | __X__ | other: Medical Expenses |

**Identification of Defendants**

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply)[1]:

☒ Johnson & Johnson

☒ Johnson & Johnson Consumer Inc. (New)

☐ Imerys Talc America, Inc. ("Imerys Talc")

☐ Personal Care Products Council ("PCPC")

**Additional Defendants:**

☒ Other(s) Defendant(s) (please specify):

LTL Management, LLC; Kenvue, Inc.; Johnson & Johnson Holdco (NA) Inc.; and Janssen Pharmaceuticals, Inc.

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

☒ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial:

**United States District Court for the Eastern District of Arkansas, Jonesboro Division**

**CASE SPECIFIC FACTS**

11. Plaintiff(s) currently reside(s) in (City, State):

    Paragould, AR

12. At the time of the Plaintiff's/Decedent's diagnosis with a talcum powder product(s) injury, Plaintiff/Decedent resided in (City, State):

    Paragould, AR

13. The Plaintiff/Decedent was diagnosed with a talcum powder product(s) injury in (City/State): Paragould, AR on or about June 01, 2005.

14. To the best of Plaintiff's knowledge, Plaintiff/Decedent began using talcum powder product(s) on or about the following date: In approximately 1981 and continued the use of talcum powder product(s) through approximately 2022.

15. The Plaintiff/Decedent purchased talcum powder product(s) in the following (State(s)): AR

16. Plaintiff/Decedent used the following talcum powder products:

    ☒ Johnson & Johnson's Baby Powder

    ☒ Shower to Shower

**CAUSES OF ACTION**

17. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the Master Long Form Complaint and Jury Demand as if fully set forth herein.

18. The following claims and allegations asserted in the Master Long Form Complaint and Jury Demand are herein adopted by reference by Plaintiff(s):

☐ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

☒ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants and Other Defendants)

☐ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

☒ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants and Other Defendants)

☒ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants and Other Defendants)

☒ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants and Other Defendants)

☒ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants and Other Defendants)

☐ Count VIII: Negligence (Against Imerys Talc)

☒ Count IX: Negligence (Against the Johnson & Johnson Defendants and Other Defendants)

☐ Count X: Negligence (Against PCPC)

☒ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants and Other Defendants)

☒ Count XII: Fraud (Against the Johnson & Johnson Defendants and Other Defendants)

☐ Count XIII: Fraud (Against PCPC)

☒ Count XIV: Violation of State Consumer Protection Laws of the State of **AR** (Against the Johnson & Johnson Defendants and Other Defendants)

☐ Count XV: Fraudulent Concealment (Against Imerys Talc)

☒ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants and Other Defendants)

☐ Count XVII: Fraudulent Concealment (Against PCPC)

☒ Count XVIII: Civil Conspiracy (Against All Defendants)

☐ Count XIX: Loss of Consortium (Against All Defendants)

☒ Count XX:  Punitive Damages (Against All Defendants)

☒ Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☐ Count XXII:  Wrongful Death (Against All Defendants)

☐ Count XXIII:  Survival Action (Against All Defendants)

☒ If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure.

Furthermore, Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s) for the states identified in paragraph numbers eleven (11) through fifteen (15) of this Short Form Complaint.

Ala. Code §§ 7-2-313, 7-2-314 (2017); Alaska St. § 45.02.313 (effective 2016); Ariz. Rev. Stat. Ann. § 47-2313 (2016); Ark. Code Ann. § 4-2-313 (2016); Cal. U. Com. Code § 2313(1) (2017); Cal. Civ. Code §1791.2(a) (2017); Co. Rev. St. § 4-2-316 (2017); Conn. Gen. Stat. Ann. § 42a-2-313 (effective 2017); 6 Del. C. § 2-313 (2017); D.C. Code Ann. § 28:2-313 (2017); Fla. Stat. Ann. § 672.313 (2017); O.C.G.A. § 11-2-318 (2017); Haw. Rev. Stat. § 490:2-313 (2016); Id. Code § 28-2-314(2)(c) (2017); Ill. Comp. Stat. Ann. Ch. 810, 5/2-313 (2016); Ind. Code Ann. § 26-1-2-313 (2016); Iowa Code Ann. § 554.2313 (2016); Kans. Stat. Ann. § 84-2-313 (2017); KRS § 355.2-318 (2017); Kan. Stat. Ann. § 60-3302(c) (2017; Ky. Rev. Stat. § 355.2-318 (2017); La. Rev. Stat. §§ 9:2800.54, 9:2800.58 (2016); Me. Rev. Stat. Ann. tit. 11, § 2-314 and 2-315 (2017); 14 M.R.S. § 221 (2017); Md. Code Ann., Com. Law § 2-318 (2017); Mass. Gen. Laws c. 106, § 2-313 (2017); Mich. Comp. Laws Ann. § 440.2313 (2016); Minn. Stat. Ann. § 336.2-313 through 315 (2016); Miss. Code Ann. § 11-1-63(i)(3) and 75-2-313 (2017); Mo. Rev. Stat. § 400.2-313 (2016); Mont. Code Ann. § 30-2-313 (2017); Neb. Rev. Stat. U.C.C. § 2-313 et seq. (2017); Nev. Rev. Stat. U.C.C. § 104.2313, et seq. (2016); Nev. Rev. Stat. §§ 104.2312-104.2318 (2016); N.H. Rev. Stat. Ann. § 382-A:2-313, et seq. (2017); NJ Rev Stat § 2A:58C-1 et seq.; N.M. Stat. Ann. §§ 55-2-313 to -318 (2017); *see also* UJI 13-1428 to 1433 NRMA(2016); N.Y. U.C.C. Law 2-313, et seq. (2017); N.C. Gen. Stat. Ann. § 25-2-313, et seq. (2017); N.D. Cent. Code § 41-02-30, et seq. (2017); Ohio Rev. Code Ann. § 1302.26, et seq. (2016); Okla. Stat. tit. 12A, § 2-313 et seq. (2017); Or. Rev. Stat. § 72.3130, et seq. (2016); 13 Pa. Stat. Ann. § 2313, et seq. (2016); Article 1802 of the Civil Code of Puerto Rico, 31 Laws of Puerto Rico § 5141; R.I. Gen. Laws § 6A-2-313 (2016); S.C. Code. Ann. § 36-2-313, et seq. (2016); S.D. Stat. 57A-2-313, et seq. (2017); Tenn. Code Ann. § 47-2-313, et seq. (2016); Tex. Bus. & Com. Code Ann. § 2.313, et seq. (2015); Ut. Code Ann. § 70A-2-313, et seq. (2016); Va. Code Ann. § 8.2-318, et seq. (2016); Vt. Stat. Ann. tit. 9A, § 2-313, et seq. (2016); Wa. Rev. Code § 62A.2-313, et seq. (2016); § 7.72.030(2) (2016); W.Va. Code § 46A-6-108, et seq. (2016); Wis. Stat. Ann. § 402.313, et seq. (2017); and Wyo. Stat. § 34.1-2-313 through 315 (2017) in accordance there with, Plaintiff seeks damages in excess of the jurisdictional minimums of this court and the court of anticipated transfer in a maximum amount to be specified if and when so required.

**WHEREFORE,** Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

**Dated: August 20, 2023**

    Respectfully submitted,

    **ARNOLD & ITKIN LLP**

    */s/ Jason A. Itkin*
    Jason A. Itkin
    Texas Bar No. 24032461
    Kurt B. Arnold
    Texas Bar No. 24036150
    Noah M. Wexler
    Texas Bar No. 24060816
    Caj Boatright
    Texas Bar No. 24036237
    Roland Christensen
    Texas State Bar No. 24101222
    Brittany Clark
    Texas Bar No. 24066394
    6009 Memorial Drive
    Houston, Texas 77007
    Telephone: (713) 222-3800
    Facsimile: (713) 222-3850
    jitkin@arnolditkin.com
    karnold@arnolditkin.com
    nwexler@arnolditkin.com
    cboatright@arnolditkin.com
    rchristensen@arnolditkin.com
    bclark@arnolditkin.com
    e-service@arnolditkin.com

    ***ATTORNEYS FOR PLAINTIFF***